Matthew R. Lewis (#7919)
Ryan B. Bell (#9956)
KUNZLER PC
50 West Broadway, Suite 1000
Salt Lake City, Utah  84101
Telephone:  (801) 994-4646
mlewis@kunzlerlaw.com
rbell@kunzlerlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant*

| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION ||
|---|---|
| TOMBSTONE EXPLORATION CORP.,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>EUROGAS, INC., et al.,<br><br>   Defendant, Counterclaim Plaintiff and Third-Party Plaintiff,<br><br>v.<br><br>ALAN BROWN,<br><br>  Third-Party Defendant. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS COMBINED MOTION (1) FOR NEW TRIAL PURSUANT TO RULE 59(A)(2); OR (2) FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)**<br><br>Case No. 2:15-00195 DN<br><br>Judge David Nuffer |

Plaintiff Tombstone Exploration Corporation ("Tombstone"), through counsel, files this Reply in Support of its Combined Motion (1) for New Trial Pursuant to Rule 59(a)(2); or (2) for Relief from Judgment Pursuant to Rule 60(b) ("Motion for New Trial").

**ARGUMENT**

As set forth in Tombstone's Motion, the federal rules and caselaw interpreting those rules provide the means and method for the Court to correct the non-award of damages to an aggrieved

party, as currently exists in this case. These rules include Rule 60, which allows the Court to amend the judgment, and Rule 59, which allows the Court to conduct a new damages-only trial to quantify the amount of damages suffered by Tombstone under the Court's interpretation of the Extension Agreement to require a full exchange of all consideration and not merely the items specifically mentioned the Extension Agreement (hereafter referred to as the "Full Exchange Theory").

Cases cited by Tombstone demonstrate that damages phases are common. Motion for New Trail at 6-7. Moreover, Tombstone has already consulted with economic experts indicating that the issue of the value of EuroGas's breach – a damages issue complicated by the fact that EuroGas would have owned a majority of Tombstone if EuroGas had complied with the Extension Agreement – can be resolved through established economic principles. Specifically, an economic expert could apply well-recognized economic principles to assist the Court in making a calculation of damages that considers the fact that EuroGas would have controlled Tombstone had EuroGas complied with its contractual obligations. If the Court grants Tombstone's motion, Tombstone would take the opportunity to present a narrowly tailored subset of additional evidence supporting its damages under the Full Exchange theory. Such testimony would include expert testimony valuing the outcomes of the parties' contemplated exchanges, assisting the Court in determining how much EuroGas's actions injured Tombstone, and by how much such losses should be offset by consideration garnered by Tombstone. These are areas of common inquiry in trials. The only unique issue here is that such analysis only became relevant when the Full Exchange theory became relevant just before trial began.

EuroGas's Opposition does not present any reason that Tombstone's Motion should not be granted. EuroGas does not dispute that the Court adopted an interpretation of the contracts

that had not been advanced by either EuroGas or Tombstone or that the Full Exchange Theory was disclosed by the Court to the parties just days before trial began. Although it tries, EuroGas also cannot dispute either that it did not introduce expert testimony of its own on the issue of damages under the Full Exchange Theory, which would have to include, at a minimum, the value of the Tombstone shares post-investment and the value of the EuroGas AG shares. EuroGas also attempts to argue that Tombstone elected not to present expert testimony on this point, but the fact is that such expert testimony was not presented because it was not relevant to Tombstone's interpretation of the Extension Agreement.

EuroGas also makes odd arguments to the effect that Tombstone should have put on evidence of another buyer who desired to invest $4.5 million in Tombstone. Opp. at 5. However, Alan Brown testified that there were no such potential investors in the market once EuroGas retained the 69 million shares of Tombstone, which prevented another investor from obtaining the controlling interest upon which it would have insisted.

While EuroGas continues to make conclusory arguments of prejudice, the reality is that the prejudice it would suffer from needing to participate in a very limited additional phase of trial (necessitated by its own breaches) is dramatically outweighed by the real and disfavored prejudice that Tombstone—the proven victim of clear contract breaches—would suffer if prevented from putting on evidence of damages consistent with the Court's interpretation of the Extension Agreement. The cost of another day or two of trial is trifling compared to the major losses Tombstone faces if this motion is denied.[1] Tombstone has incurred much greater injury as

---

[1] EuroGas's prejudice arguments take two forms. First, it argues that it is simply inconvenient for its principals to attend another trial. This argument is belied by the fact that EuroGas is incorporated in this very state, and has brought counterclaims in this very court, proving that it has no aversion to business and legal undertakings in Utah. Second, Tombstone argues that new expert testimony would be prejudicial because Tombstone would lack an opportunity to depose

a result of EuroGas's breaches and the objective of the Court should be to do justice, if possible, as it is in this case.

## CONCLUSION

In short, EuroGas has not provided any reason, whether procedural or substantive, that would prevent an additional phase of trial to allow the Court to hear evidence supporting appropriate damages under the Full Exchange scenario.[2]  Accordingly, Tombstone's Motion for New Trail should be granted.

DATED this the 23rd day of May 2018.

                                  KUNZLER PC

                                  */s/ Matthew R. Lewis*
                                  Matthew R. Lewis
                                  *Attorney for Plaintiff and Counterclaim Defendant*

---

the new expert.  However, Tombstone has no objection to EuroGas deposing its expert, which eliminates any element of surprise.

[2] EuroGas's objection claiming Tombstone's Motion to Reconsider and the Motion for New Trial constitute multiple motions under Rules 59 and 60 is unfounded.  *See* Opp. at 1-2.  Tombstone's motion for reconsideration, while justified by Rules 59 and 60, was not filed under those rules.  Rather, the motion was filed pursuant to Tenth Circuit caselaw, cited by EuroGas, providing for such motions in the circumstances of this case.  However, because the issue in the motion to reconsider and Tombstone's Motions to Amend Judgment and for New Trial overlap, the Motion incorporated the arguments from the Motion to Reconsider.  Because the motions to reconsider and Motion for New Trial are separate and rely on separate standards, they were properly filed separately.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of May, 2018, a true and correct copy of the foregoing **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS COMBINED MOTION (1) FOR NEW TRIAL PURSUANT TO RULE 59(A)(2); OR (2) FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)** was served via ECF on counsel of record at the following:


J. Michael Coombs, Esq.
MABEY & COOMBS LC
Highland Ridge
4568 South Highland Drive, Suite 290
Salt Lake City, Utah  84117-4237
jmcoobs@sisna.com
jmcoombs77@gmail.com


                                                                        */s/ Matthew R. Lewis*